■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v. MANUEL ORTIZ, Appellant.— Appeal by defendant from a judgment of the County Court, Nassau County, rendered June 12, 1964 after a jury trial, convicting him of resisting a public officer in the discharge of his duties and escape from custody, as a misdemeanor, and suspending sentence. Judgment affirmed. No opinion. Brennan, Rabin and Benjamin, JJ., concur; Ughetta, Acting

P. J., and Hill, J., dissent and vote to reverse the judgment and to dismiss the indictment, with the following memorandum by Hill, J., in which Ughetta, J., concurs: Defendant and his wife attended a church dance, with about 20 other couples, at a local church near their home on July 28, 1963. All are of Puerto Rican extraction. About 1 o'clock in the morning, as the defendant and his wife were leaving for home after the dance, a fight started outside the church. At this point, two policemen in plain clothes arrived on the scene. Chalvien, one of the police officers, testified that he and his partner arrived at the height of a riot and, with a nightstick in his hand, arrested defendant for disorderly conduct, placed him in the back of the police car and returned to the fray to assist his partner. A short time later, when he (Chalvien) went back to the police car he found that the defendant had left. The defendant thereafter went to a hospital where it was found that he had a broken arm. He testified that his broken arm was caused by the police officer — Chalvien, although the officer testified he did not strike him. Chalvien's partner, as well as a uniformed officer who came on the scene later, testified that they did not see defendant arrested or placed in the police car. Defendant further testified that on the night in question he was never arrested, nor was he told that he was under arrest, nor was he placed in the police car. His version of the occurrence was that he was struck on the arm by Chalvien who pushed his wife to the ground and then told him to "beat it." Defendant thereupon assisted his wife and they went home. Three days after this brawl — on July 31, 1963 — Chalvien laid an information before the court, and on the basis of such information a warrant was issued for defendant charging him only with disorderly conduct. This information was filed after the police learned that defendant had sustained a broken arm and had been treated in a hospital. At 1 o'clock in the morning of August 1, 1963, the defendant was arrested in his home, taken to the lockup and placed in custody. This disorderly conduct case has not been tried. On January 10, 1964 — some five months later — a Grand Jury indicted defendant for the crimes of resisting an officer and escaping from custody. Upon this indictment he was found guilty by a jury on April 15, 1964, after a trial which lasted eight days. It is this conviction which is the subject of this appeal. Chalvien made no written record of his claimed July 28 arrest and escape; nor is any charge against defendant recorded in the police blotter for that day or any other day. On the trial, the Deputy Police Commissioner failed to honor defendant's subpoena to produce all the Police Department's regulations in court governing entries in the police blotter. Instead, he produced a 1927 version of the regulations which he testified had been so greatly amended that he was unable to say what the current regulations were. The testimony in this case falls far short of proving the defendant guilty beyond a reasonable doubt. The officer had no memorandum of any kind to refresh his memory. Bearing in mind the defendant's limited knowledge of the English language, and in view of his testimony — the substance of which is clear, he probably did not understand that he was under arrest and under restraint, even if it be assumed that the police did place him under arrest and restraint. The conduct of the trial; the failure to adhere to normal procedures, and the inherent probabilities of the situation support defendant's version of the occurrence. Upon the basis of all the proof adduced, I would reverse the conviction and dismiss the indictment.